IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Ascentech Pty Ltd as Trustee for The Smith Family Trust<br>Suite 16, Forum Business Park<br>41 Catalano Circuit<br>Canning Vale, WA 6155, AUSTRALIA<br><br>                    Plaintiff,<br><br>   v.<br><br>Ascora GmbH<br>Birkenallee 43<br>Ganderkesee, 27777 GERMANY<br><br>                    Defendant. | Civil Action No.: _____ |

**COMPLAINT FOR APPEAL AND *DE NOVO* REVIEW OF DECISION OF TRADEMARK TRIAL AND APPEAL BOARD**

The Plaintiff Ascentech Pty Ltd as Trustee for The Smith Family Trust (Plaintiff) for its Complaint against Defendant Ascora GmbH (Defendant), alleges as follows:

**NATURE OF ACTION**

1. This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board (TTAB or the Board), an administrative agency of the United States Patent and Trademark Office (USPTO), in opposition proceeding no. 91216243 (the "Opposition Proceeding") under 15 U.S.C. § 1071(b)(1). A copy of the final decision is attached as Exhibit 1.

2. On October 26, 2018, in the Opposition Proceeding, a TTAB panel sustained Defendant's opposition to registration of Plaintiff's marks "ASCORA" in standard characters

(Application Serial No. 86/080,318) (the '318 application)[1] and "ASCORA" and design[2] (Serial No. 86/080,319) (the '319 application)[3] The goods identified in the applications are listed in Exhibits 2 and 3.

3. In sustaining Defendant's opposition, the TTAB found that Defendant had standing to pursue the opposition, that Defendant had established priority of use in the United States, and that Plaintiff's "ASCORA" marks are likely to cause confusion with Defendant's "ASCORA" mark.

4. Plaintiff is also the owner of U.S. Service Mark Registration No. 4,762,901 for the mark "ASCORA" in standard characters, for services in Class 42 as identified in Exhibit 4.[4]

## THE PARTIES

5. Plaintiff is a corporation of Australia having the following address: Suite 16, Forum Business Park, 41 Catalano Circuit, Canning Vale, WA 6155 AUSTRALIA.

6. On information and belief, Defendant is a limited liability company of Germany having the following address: Birkenallee 43, Ganderkesee, 27777 GERMANY.

## JURISDICTION AND VENUE

7. This is an action for judicial review of a final decision of the TTAB under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1).

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. § 1071(b)(1) and 1121(a). These statutory sections provide that a party to an opposition proceeding may have remedy by a civil action, and with regard to this action, they provide that the court may adjudge

---

[1] Exhibit 2 consists of a print-out of information concerning this application, downloaded from the USPTO website.
[2] The mark is described as follows: "The mark consists of [t]he stylized wording 'ASCORA' under an incomplete gear wheel design." Color is not claimed as a feature of the mark.
[3] Exhibit 3 consists of a print-out of information concerning this application, downloaded from the USPTO website.
[4] Exhibit 4 consists of a print-out of information concerning this registration, downloaded from the USPTO website.

that Plaintiff is entitled to receive registrations maturing from the two applications at issue in the Opposition Proceeding. Since Defendant is a foreign entity, jurisdiction is mandatory in this Court pursuant to 15 U.S.C. §1071(b)(4).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3) in that Defendant is not a resident of the United States and thus may be sued in any judicial district. Given the jurisdictional requirement of 15 U.S.C. §1071(b)(4) set forth in paragraph 8 above, venue in this Court is also mandatory.

**FACTUAL BACKGROUND**

10. Plaintiff creates and distributes software, including software for managing the operations of a mobile workforce or workers in the field under the marks "ASCORA" and "ASCORA" and design.

11. During the opposition proceeding, Plaintiff filed a contingent Motion to Amend under Rule 2.133 of the Trademark Rules of Practice, seeking amendment of both of its afore-identified applications to limit the goods to the following: "Software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field." As compared with the identifications shown in Exhibits 2 and 3, this identification would have narrowed the scope of protection sought by Plaintiff, and would have eliminated any possibility of confusion.[5] In the TTAB decision that is appealed herein, the Motion to Amend was denied.

---

[5] Plaintiff notes that its Service Mark Registration No. 4,762,901 is limited to the following services (Exhibit 4): "Software as a service (SaaS) services, namely, hosting software for use by others to assist businesses with the management and operations of a mobile workforce or workers in the field; consultancy and information services in relation to software for assisting businesses with the management and operations of a mobile workforce or workers in the field.

3

12. Federal registration of a trademark or service mark is *prima facie* evidence of the registrant's exclusive right to use the registered mark in commerce in connection with the goods or services specified in the Certificate of Registration, pursuant to 15 U.S.C. § 1057(b). This applies to Plaintiff's Service Mark Registration No. 4,762,901 (Exhibit 4).

13. Plaintiff has been using its mark ASCORA in U.S. commerce in connection with business software for managing the operations of a mobile workforce or workers in the field since at least as early as May 20, 2011, and continuously since that date and to date.

14. In the Opposition Proceeding, Defendant alleged that commencing "long prior to Applicant's filing date" (October 2, 2013 for both of Plaintiff's applications), Defendant "has engaged, and is now engaged in the rendering, distribution, sale, advertising and promotion in interstate commerce of software and related research and consulting services in the fields of information technology, systems integration and service-oriented architecture applications for business enterprises, including desktop, web and mobile applications," using the mark "ASCORA." Defendant also alleged use of the marks ASCORA for these goods "since at least as early as July 2003" in the United States. Plaintiff disputes and denies these allegations. To the extent that Defendant has used and not abandoned the mark ASCORA, its use of the mark was sporadic and minimal, and related to trivial software products rather than business-oriented software for use in managing the operations of a mobile workforce or workers in the field.

15. In the Opposition Proceeding, Defendant also alleged that since its alleged initial use of its "ASCORA" mark in the United States, Defendant "has made a substantial investment in promoting its goods and services under its mark" and "has extensively used, promoted and offered" its goods and services in connection with its mark "to the public through various channels of trade in commerce" allegedly with the result that Defendant's "customers and the

4

public in general have come to know and recognize" Defendant's mark and associate it with Defendant "and/or the goods and services rendered by" Defendant. Defendant also alleged these activities have "built extensive goodwill" benefitting Defendant. Plaintiff disputes and denies these allegations. To the extent that Defendant has promoted goods or services under the mark ASCORA, such promotion and use was sporadic and minimal, and related to trivial software products rather than business-oriented software for use in managing the operations of a mobile workforce or workers in the field.

16. Further, in the Opposition Proceeding, Defendant alleged a likelihood of confusion between Defendant's mark and Plaintiff's mark. Plaintiff disputes and denies this allegation.

17. Plaintiff asserts that even if Defendant could prove first use of the mark "ASCORA" in the United States prior to Plaintiff's first use of its "ASCORA" marks, such alleged usage by Plaintiff was insufficient to establish any common law rights anywhere in the United States. Moreover, such usage was discontinued by Defendant without intent to resume use, and therefore any common law rights that Defendant may have established in the mark "ASCORA" prior to Plaintiff's dates of first use were abandoned by Defendant prior to Plaintiff's first use dates.

18. Based upon record evidence in the Opposition Proceeding, Defendant cannot establish priority of use of its alleged "ASCORA" mark vis.a.vis Plaintiff's use of its "ASCORA" marks.

19. Even if Defendant were able to establish that it created any prior common law rights in the mark "ASCORA" in the United States for any goods or services, there is no likelihood of confusion as to the source of Plaintiff's business software offered under its mark ASCORA with respect to any goods and/or services actually offered or sold by Defendant.

20. On May 6, 2014, Defendant filed a Notice of Opposition to Plaintiff's applications. The proceeding was assigned Opposition No. 91216243. The allegations set forth in the Notice of Opposition are summarized in paragraphs 14-16 above. Plaintiff denied the salient allegations of the Notice of Opposition.

21. During the opposition proceeding, the parties engaged in discovery and submitted testimony and evidence to the TTAB, along with trial briefs. Notably, under the Trademark Rules, because Defendant is a foreign entity Plaintiff was unable to cross-examine Defendant's witness in person but, rather, was required to submit written cross-examination questions in advance, without knowing the content of the witness's direct testimony. This procedure seriously hampered Plaintiff's ability to challenge Defendant's position in the Opposition Proceeding and to refute Defendant's arguments on the relevant issues.

22. On October 26, 2018, the TTAB issued its decision sustaining the opposition in favor of Defendant (Exhibit 1 hereto). Plaintiff believes that decision to be erroneous and hereby appeals.

23. The decision of the TTAB is erroneous because Defendant cannot establish prior use of the mark "ASCORA", and even if Defendant could establish prior use, such prior use was discontinued by Defendant with no intent to resume use, resulting in abandonment of any rights in the mark. Furthermore, even if such prior use was not abandoned, the respective goods and services of the parties are so different and disparate that there can be no finding of a likelihood of confusion therebetween.

24. Accordingly, Plaintiff seeks *de novo* review of the TTAB decision under Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1).

## CAUSES OF ACTION

### REQUEST FOR REVERSAL OF TTAB DECISION IN OPPOSITION PROCEEDING NO. 91216243 REGARDING PLAINTIFF'S '318 APPLICATION

25. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1-24.

26. Plaintiff is dissatisfied with the decision of the TTAB that Defendant has established priority of use and likelihood of confusion between its alleged "ASCORA" mark and the "ASCORA" mark of Plaintiff's '318 application. Plaintiff verily believes that Defendant has not established and cannot establish priority of use and likelihood of confusion between the respective marks. Plaintiff further believes that even if Defendant could establish priority of use, the respective goods and services are so different and disparate that confusion is not likely.

27. Accordingly, the decision of the TTAB dated October 26, 2018 should be reversed and an Order should be issued directing the USPTO to register the mark ASCORA of the '318 application for software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field.

### REQUEST FOR REVERSAL OF TTAB DECISION IN OPPOSITION PROCEEDING NO. 91216243 REGARDING PLAINTIFF'S '319 APPLICATION

28. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1-27.

29. Plaintiff is dissatisfied with the decision of the TTAB that Defendant has established priority of use and likelihood of confusion between its "ASCORA" mark and the "ASCORA" mark of Plaintiff's '319 application. Plaintiff verily believes that Defendant has not established and cannot establish priority of use and likelihood of confusion between the

respective marks. Plaintiff further believes that even if Defendant could establish priority of use, the respective goods and services are so different that confusion is not likely.

30. Accordingly, the decision of the TTAB dated October 26, 2018 should be reversed and an Order should be issued directing the USPTO to register the mark ASCORA of the '319 application for software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court reverse the decision of the TTAB dated October 26, 2018 in Opposition No. 91216243 in the matter of *Ascora GmbH v. Ascentech Pty Ltd as Trustee for The Smith Family Trust*, pursuant to 15 U.S.C. § 1071(b).

2. That the Court order the USPTO to register Plaintiff's "ASCORA" marks as set forth in the '318 and '319 applications for software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field.

3.       That the Court grant such other relief as it deems appropriate.

Date: 1/28/19

Respectfully submitted,

Ascentech Pty Ltd as Trustee for The Smith Family Trust

*/s/ H. Jay Spiegel*

By H. Jay Spiegel
Attorney for Plaintiff
Virginia Bar No. 20647

H. JAY SPIEGEL & ASSOCIATES
P.O. Box 11
Mount Vernon, VA  22121
(703) 619-0101 - Phone
(703) 619-0110 - Facsimile
jayspiegel@aol.com - e-mail