**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Ascentech Pty Ltd as Trustee for The Smith Family Trust          ) <br>               ) <br>               ) <br>          Plaintiff,    ) <br>               ) <br>               ) <br>         v.            ) <br>               ) <br> Ascora GmbH          ) <br>               ) <br>         Defendant.   ) <br>               ) | Civil Action No.: <br>   1:19-cv-00100-LMB-IDD |

**REVISED FINAL CONSENT JUDGMENT**

Plaintiff Ascentech Pty Ltd as Trustee for the Smith Family Trust ("Plaintiff") and Defendant Ascora GmbH ((Defendant"), having resolved the disputed matters in issue between them, consent to entry of Final Judgment in this action as follows:

**FINDINGS OF FACT**

1.     On October 2, 2013, Plaintiff filed U.S. Trademark Application Serial No. 86/080,318 to register the mark ASCORA, and U.S. Trademark Application Serial No. 86/080,319 to register the mark ASCORA & Design, both for various software programs.

2.     On May 6, 2014, Defendant filed with the Trademark Trial and Appeal Board (the "Board") a Notice of Opposition to registration of said marks of Plaintiff, claiming a likelihood of confusion with Defendant's common law mark ASCORA for various software products.

3.     While said opposition was pending before the Board, Plaintiff filed a motion to amend its applications to limit the identifications of goods in its two

applications to the following: "Software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field," alleging that said amendment would eliminate the likelihood of confusion between the parties' respective marks.

4.      On October 26, 2018, the Board issued a nonprecedential decision in said opposition, finding a likelihood of confusion between the marks of the parties, and denying Plaintiff's motion to amend its applications.

5.      On January 28, 2019, Plaintiff commenced this civil action under 15 U.S.C. § 1071(b), for *de novo* review of the Board's Decision of October 26, 2018.

6.      On September 20, 2019, the parties hereto executed a comprehensive Settlement Agreement resolving their dispute over the registrability of the mark ASCORA and agreeing to the entry of a Final Judgment in this action. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

7.      In paragraph 1 of the Settlement Agreement, as applied to the United States, Plaintiff agreed that it will limit its use of the marks "ASCORA" and "ASCORA & Design" to the following goods and services: Software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field; Software as a service (SaaS) services, namely, hosting software for use by others to assist businesses with the management and operations of a mobile workforce or workers in the field; consultancy and information services in relation to software for assisting businesses with the management and operations of a mobile workforce or workers in the field.

2

8.     In paragraph 2 of the Settlement Agreement, as applied to the United States, Plaintiff agreed that it will not use or seek to register any mark containing the word ASCORA for any goods or services other than those listed in paragraph 1 of the Settlement Agreement, or goods or services substantially similar thereto.

9.     In paragraph 8 of the Settlement Agreement, Defendant agreed that it will not use or seek to register any trademark, service mark, or trade name containing the word ASCORA in connection with any goods or services identical or related to the goods and services listed in paragraph 1 of the Settlement Agreement.

10.    In paragraph 9 of the Settlement Agreement, Defendant agreed that it will not use or seek to register the word ASCORA as all or part of a trademark or brand name for computer application software (*i.e.*, software "apps"), except that, subject to the restrictions of Paragraph 8 of the Settlement Agreement, ASCORA GMBH may use the term "ASCORA GmbH" but no other term containing the word ASCORA, to identify the entity that supplies or distributes the application software, anywhere in the world.

11.    In paragraph 4 of the Settlement Agreement, Defendant agreed not to challenge use and/or registration of the marks "ASCORA" or "ASCORA & Design" by ASCENTECH for the goods and services listed in paragraph 1 of the Settlement Agreement.

12.    In paragraph 5 of the Settlement Agreement, Plaintiff agreed not to challenge the use and/or registration of the mark "ASCORA" by Defendant consistent with the terms of the Settlement Agreement, including any registration issuing from Defendant's U.S. Trademark Application Serial No. 86/290,214 for the mark "ASCORA."

13.     In paragraphs 6 and 7 of the Settlement Agreement, each party agreed to provide written consent, if necessary, to the other party's registration of its mark(s) in accordance with the terms of the Agreement.

14.     In paragraph 11 of the Settlement Agreement, the parties agreed that in the unlikely event that an incident of actual confusion occurs, the parties will cooperate in taking such steps as they deem reasonably appropriate to eliminate the cause of the confusion.

15.     The parties hereto acknowledge and agree, based on their business experience and knowledge of the marketplace, that if Plaintiff's motions to amend its applications are granted, the differences between the goods and services set forth in the amended applications and the goods and services offered by Defendant in connection with its ASCORA trademark, coupled with the relative sophistication of the customers for the parties respective goods and services, are sufficient to avoid a likelihood of confusion as to the source of the goods and services offered under the parties' marks.

16.     The parties hereto acknowledge and agree that the Decision of October 28, 2018 should be reversed with respect to the denial of Plaintiff's motion to amend its applications, and that said motion to amend should be granted, so that Plaintiff's applications may proceed to registration with the amended identification of goods as stated in paragraph 3 above.

17.     Counsel to the parties, on behalf of the parties, consent to the terms of, and agree to the form of and entry of, this Final Consent Judgment.

## CONCLUSIONS OF LAW

1.      The Findings of Fact and the representations of the parties hereinabove, and the entry of and terms of the Settlement Agreement between the parties attached hereto as Exhibit 1, constitute new evidence qualifying as additional material facts that justify reversing in part the Board's decision. ~~under U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26, 29 (1994)~~.

2.      Based upon the Findings of Fact and the representations of the parties hereinabove, and upon the terms of the Settlement Agreement between the parties attached hereto as Exhibit 1, if Plaintiff's motion to amend its applications is granted, the differences between the goods and services set forth in the amended applications and the goods and services offered by Defendant in connection with its ASCORA trademark, coupled with the relative sophistication of the customers for the parties' respective goods and services, are sufficient to avoid a likelihood of confusion as to the source of the goods and services offered under the parties' marks.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Board's Decision of October 28, 2018 in Opposition No. 91216243 is reversed, ~~as to the denial of Plaintiff's motion to amend, but is otherwise affirmed.~~

2.      The Clerk is directed to enter Final Judgment in accordance with the terms herein.

3.      The Undersecretary of Commerce for Intellectual Property is directed to cause Plaintiff's U.S. trademark applications, Serial No. 86/080,318 and Serial No. 86/080,319, to be amended as stated herein and to permit the two trademark applications to proceed to registration on the Principal Register.

4.      Each party will bear its own costs and attorney fees.

SO ORDERED this 14ᵗʰ day of February, ~~2019~~ 2020

/s/ _LMB_

Leonie M. Brinkema
United States District Judge

CONSENTED TO on this 14th day of November, 2019

By: _H. Jay Spiegel_
H. Jay Spiegel (VA Bar 20647)
H. Jay Spiegel & Associates
P.O. Box 11
Mount Vernon, VA  22121
P:  (703) 619-0101
F.  (703) 619-0110 – Fax
Email:  jayspiegel@aol.com

*Counsel for Ascentech Pty Ltd as
Trustee for The Smith Family*

By: _Jordan S. Weinstein_
Jordan S. Weinstein (VA Bar 36754)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20006
P:202-289-1313
F:202-289-1330
E-mail: jordan.weinstein@btlaw.com
        dbondurant@btlaw.com
        compulaw@btlaw.com

*Counsel for Ascora GmbH*

# Exhibit 1

SETTLEMENT AGREEMENT

This Settlement Agreement is effective this 20th day of September 2019, by and between Ascora GmbH, a limited liability company of Germany having a business address of Birkenallee 43, 27777 Ganderkesee, Germany (hereinafter "ASCORA GMBH"), on the one hand, and Ascentech Pty Ltd as Trustee for The Smith Family Trust, a limited liability company of Australia having an address of 16/41 Catalano Circuit, Canning Vale, Western Australia 6155 (hereinafter "ASCENTECH"), on the other hand.

WHEREAS, ASCENTECH has filed a United States Trademark Application to register the trademark "ASCORA" for certain software in International Class 9, said application being accorded Serial No. 86/080,318;

WHEREAS, ASCENTECH has filed a United States Trademark Application to register the trademark "ASCORA & Design" in the form shown immediately below, for certain software in International Class 9, said application being accorded Serial No. 86/080,319;



1

WHEREAS, ASCENTECH is the owner of U.S. Service Mark Registration No. 4,762,901 for the mark "ASCORA" for "Software as a service (SaaS) services, namely, hosting software for use by others to assist businesses with the management and operations of a mobile workforce or workers in the field; consultancy and information services in relation to software for assisting businesses with the management and operations of a mobile workforce or workers in the field."

WHEREAS, ASCORA GMBH is the owner of U.S. Trademark Application Serial No. 86/290,214 for the mark "ASCORA" for software and services in International Classes 9, 38, and 42.

WHEREAS, on May 6, 2014, ASCORA GMBH filed with the Trademark Trial and Appeal Board a Notice of Opposition to said Trademark Applications Serial Nos. 86/080,318 and 86/080,319 of ASCENTECH, the opposition being accorded Opposition No. 91216243.

WHEREAS, on October 26, 2018, the Trademark Trial and Appeal Board of the U. S. Patent and Trademark Office rendered a decision and entered judgment in favor of ASCORA GMBH in said Opposition No. 91216243.

WHEREAS, on January 28, 2019, ASCENTECH filed a complaint in the United States District Court for the Eastern District of Virginia, seeking review of said October 26, 2018 decision of the Trademark Trial and Appeal Board, said civil action being captioned *Ascentech*

2

*Pty Ltd as Trustee for The Smith Family Trust v. Ascora GmbH*, Civil Action No. 1:19-cv-00100-LMB-IDD ("the Civil Action").

WHEREAS, the parties are desirous of resolving amicably their disputes regarding use and registration of the mark "ASCORA" on a worldwide basis, upon the terms and conditions set forth below:

NOW, THEREFORE, in consideration of the mutual promises set forth herein, it is agreed as follows:

1.  Except for Australia and New Zealand, ASCENTECH will limit its use of the marks "ASCORA" and "ASCORA & Design" to the following goods and services:
Software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field; Software as a service (SaaS) services, namely, hosting software for use by others to assist businesses with the management and operations of a mobile workforce or workers in the field; consultancy and information services in relation to software for assisting businesses with the management and operations of a mobile workforce or workers in the field.

2.  Except for Australia and New Zealand, ASCENTECH will not use or seek to register any mark containing the word ASCORA for any goods or services other than those listed in paragraph 1 above, or goods or services substantially similar thereto.

3

3.      In Australia and New Zealand, ASCENTECH may use and seek to register any mark containing the word ASCORA, other than "ASCORA GmbH", without limitation as to goods or services, and ASCORA GMBH will not challenge any such use and/or registration.

4.      ASCORA GMBH will not challenge use and/or registration of the marks "ASCORA" or "ASCORA & Design" by ASCENTECH for the goods and services listed in paragraph 1 above, anywhere in the world, including without limitation U.S. Service Mark Registration No. 4,762,901, and any registrations issuing from U.S. Trademark Application Serial No. 86/080,318 and U.S. Trademark Application Serial No. 86/080,319, for the mark "ASCORA" or ASCORA & Design, owned by ASCENTECH. Furthermore, ASCORA GMBH will not challenge or seek to cancel or restrict any existing registration owned by ASCENTECH for the marks "ASCORA" or "ASCORA & Design" anywhere in the world, including without limitation, the registrations listed on Schedule A hereto.

5.      ASCENTECH will not challenge use and/or registration anywhere in the world of the mark "ASCORA" by ASCORA GMBH consistent with the terms of this Settlement Agreement, including without limitation German Registration No. 302013061594 for the mark "ASCORA", International Registration No. 1235619 for the mark "ASCORA", and any registration issuing from U.S. Trademark Application Serial No. 86/290,214 for the mark "ASCORA", all owned by ASCORA GMBH.

4

6.      ASCORA GMBH will, if necessary, provide written consent to the amendment of the identification of goods in each of ASCENTECH's pending U.S. Trademark Applications Serial Nos. 86/080,318 and 86/080,319 to read: "Software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field," or such similar language as the Board may require.

7.      ASCENTECH will consent in writing to registration of the mark "ASCORA" in pending U.S. Trademark Application Serial No. 86/290,214 owned by ASCORA GMBH, in terms consistent with this Settlement Agreement, said consent document to be prepared by ASCORA GMBH.

8.      ASCORA GMBH will not use or seek to register any trademark, service mark, or trade name containing the word ASCORA in connection with any goods or services identical or related to the goods and services listed in paragraph 1, anywhere in the world.

9.      ASCORA GMBH will not use or seek to register the word ASCORA as all or part of a trademark or brand name for computer application software (*i.e.*, software "apps"), except that, subject to the restrictions of Paragraph 8 above, ASCORA GMBH may use the term "ASCORA GmbH" but no other term containing the word ASCORA, to identify the entity that supplies or distributes the application software, anywhere in the world.

10.     Upon request of one party, the other party shall provide such consents to register as may be necessary for the requesting party to register the mark "ASCORA" consistent with the terms of this Settlement Agreement, each such consent to be prepared by the requesting party

11.     The parties agree, based on their business experience and knowledge of the marketplace, that their respective uses of the mark ASCORA under the limitations set forth in this Settlement Agreement will eliminate any likelihood of confusion as to the source of the goods and services offered under their respective marks. In the unlikely event that an incident of actual confusion occurs, the parties will cooperate in taking such steps as they deem reasonably appropriate to eliminate the cause of the confusion.

12.     Immediately upon execution of this Settlement Agreement by both the parties, they shall file a joint motion with the United States District Court for the Eastern District of Virginia, Alexandria Division ("the court"), requesting entry in the Civil Action of a Final Consent Judgment in the form attached hereto as Exhibit A.

13.     If the court refuses to enter the Final Consent Judgment as requested, the parties will cooperate in seeking to address any concerns raised by the court and, if the parties are able to agree to a form of Final Consent Judgment that is acceptable to and entered by the court, then this Settlement Agreement shall be in force. If the parties are unable to agree to a form of Final Consent Judgment, or if the court refuses to enter the agreed-upon Final Consent Judgment, then this Settlement Agreement shall be null and void and the Civil Action shall continue.

6

14.     If the court enters the Final Consent Judgment in the form of Exhibit A, or in some other form agreed to by the parties, then ASCORA GMBH and ASCENTECH shall promptly submit a copy of the court's Final Consent Judgment to the Undersecretary of Commerce for Intellectual Property, and/or shall file a joint motion with the Trademark Trial and Appeal Board if necessary, requesting that the USPTO comply with said Final Consent Judgment. If the USPTO declines to comply with said Final Consent Judgment, the parties shall cooperate in taking such further actions as may be necessary to compel the Board to accept said Final Consent Judgment, including without limitation seeking an order from the court directing the USPTO to comply.

15.     Each of the Parties hereto, on behalf of itself, its current and former representatives, attorneys, agents, partners, officers, shareholders, investors, directors, employees, contractors, distributors, customers, subsidiaries, affiliates, divisions, successors, and assigns, hereby releases and discharges the other party and the current and former representatives, attorneys, agents, partners, officers, shareholders, investors, directors, employees, contractors, distributors, customers, subsidiaries, affiliates, divisions, successors, and assigns of the other party, of and from any and all manner of action, claim or cause of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, demands, losses, damages, costs or expenses, known or unknown, that exist at the time of the Effective Date of this Agreement, and that arise out of the actions of either party with respect to the mark "ASCORA" and/or any matter that is the subject of this Settlement Agreement. Nothing in this paragraph is intended to waive or release any obligation created under this Settlement Agreement, nor waive or release any claim of any kind or nature based on a breach of this Settlement Agreement or any claim not released.

7

16.     Each Party shall bear its own costs and attorneys' fees associated with the substance of this dispute, including its amicable resolution through this Settlement Agreement.

17.     The Parties agree that the terms of this Settlement Agreement, not including the fact that a settlement was reached, shall not be disclosed to any third party at any time, except confidentially to the Parties' respective auditors, legal counsel, potential investors or acquirers, insurers, or as may be required by law.

18.     Each Party represents that it has the right, power and authority to enter into and perform their respective obligations in accordance with this Settlement Agreement and that no approvals of any third party are required.

19.     This Settlement Agreement constitutes the entire agreement by the Parties relating to the subject matter contained hereof and supersedes all prior or contemporaneous agreements, representations and understandings of the Parties.  Any rights not granted herein are expressly reserved by the Parties.

20.     This Settlement Agreement is binding upon, and shall inure to the benefit of the Parties and each Party's respective subsidiaries, parents, affiliates, successors and assigns.  Each Party may assign the rights in and to their respective marks, including, without limitation, any corresponding applications or registrations, to an assignee that agrees in writing to be bound by and comply with all of the terms, conditions and provisions of this Settlement Agreement.

8

21.     If any provision of this Settlement Agreement is held to be void or unenforceable, in whole or in part, by a court or tribunal with jurisdiction over this Settlement Agreement or the Parties, then such provision shall be reformed by such court or tribunal in such a manner to make the provision enforceable and as near the manifest intent of the Parties as possible and the validity and enforceability of all other provisions of this Settlement Agreement shall be unaffected.

22.     Waiver by either Party of performance of any provision of this Settlement Agreement shall not be a waiver of, nor prejudice to, the waiving Party's right to require strict performance of the same or any other provision in the future.

23.     If a Party believes that any term in this Settlement Agreement is being breached by the other Party, such Party shall provide written notice of such alleged breach(es) to the other Party. Thereafter, the Parties shall have thirty (30) days to resolve the dispute amicably. If the Party alleged to have breached this Settlement Agreement cures any such alleged breach within such 30 day period, this Settlement Agreement shall remain in full force and effect as if there was no alleged breach. If the non-breaching party believes that the breach is not cured within such 30 day period, the non-breaching party may pursue any rights and/or remedies available to it under the law.

24.    The Parties hereto expressly agree that this Settlement Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the internal laws of the United States. Any disputes relating to the interpretation of this Settlement Agreement shall be resolved by way of arbitration before the American Arbitration Association at a mutually agreed-upon location in the United States. If the parties cannot agree on a location, then the arbitration shall be held in New York, New York.

25    This Settlement Agreement may be executed in any number of counterparts, each of which when duly executed and delivered shall be an original, but all such counterparts shall constitute one and the same agreement. This Settlement Agreement may also be executed by signatures provided by facsimile or by Portable Document Format ("PDF"), and such signatures shall be as binding and effective as original signatures.

26.    All notices, requests and other communications to any Party hereunder shall be in writing via courier (such as FEDEX or UPS), certified mail or email, and shall be directed as follows:

If to ASCORA GMBH:

> P. Jay Hines
> Muncy, Geissler, Olds & Lowe, P.C.
> 4000 Legato Road, Suite 310
> Fairfax, VA 22033
> mailroom@mg-ip.com

If to ASCENTECH:

> John L. Welch
> Wolf, Greenfield & Sacks, P.C.

10

600 Atlantic Avenue
Boston, Massachusetts 02210
jlwtrademarks@wolfgreenfield.com

or to such other address or email address as such Party may hereafter specify for the purpose by

notice to the other Party in the manner provided in this Paragraph.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be

signed by their duly authorized representatives as of the date set forth above.

ASCORA GmbH

Ascentech Pty Ltd as Trustee for The Smith
Family Trust

By:   Dr Sven Abels      Dr. Andreas Spiegel
Title: CEO               CEO
Date: 18.09.2019         18.09.2019

By:   Courtney M Smith
Title: Director
Date: 20/09/2019

11

## SCHEDULE A

| Country | Registration No. | Mark |
|---|---|---|
| Australia | 1498519 | ASCORA |
| Australia | 1498520 | ASCORA & Design |
| Australia | 1584452 | ASCORA |
| Australia | 1584453 | ASCORA & Design |
| Canada | TMA936510 | ASCORA |
| New Zealand | 985792 | ASCORA |
| New Zealand | 985793 | ASCORA & Design |
| Singapore | T1316140A | ASCORA & Design |
| United Kingdom | 00003024410 | ASCORA |
| United Kingdom | 00003024414 | ASCORA & Design |
| United States | 4762901 | ASCORA |

**EXHIBIT A**

<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE EASTERN DISTRICT OF VIRGINIA**</u>
<u>**ALEXANDRIA DIVISION**</u>

| | | |
|---|---|---|
| Ascentech Pty Ltd as Trustee for The Smith Family Trust | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:19-cv-00100-LMB-IDD |
| | ) ) | |
| v. | ) ) | |
| Ascora GmbH | ) ) | |
| Defendant. | ) ) | |
| | ) | |

<u>**FINAL CONSENT JUDGMENT**</u>

Plaintiff Ascentech Pty Ltd as Trustee for the Smith Family Trust ("Plaintiff") and Defendant Ascora GmbH ((Defendant"), having resolved the disputed matters in issue between them, consent to entry of Final Judgment in this action as follows:

1.  On October 2, 2013, Plaintiff filed U.S. Trademark Application Serial No. 86/080,318 to register the mark ASCORA, and U.S. Trademark Application Serial No. 86/080,319 to register the mark ASCORA & Design, both for various software programs.

2.  On May 6, 2014, Defendant filed with the Trademark Trial and Appeal Board (the "Board") a Notice of Opposition to registration of said marks of Plaintiff, claiming a likelihood of confusion with Defendant's common law mark ASCORA for various software products.

3.  While said opposition was pending before the Board, Plaintiff filed a motion to amend its applications to limit the identifications of goods in its two

1

applications to the following: "Software for managing the operations of a trade or service-based business specifically to assist businesses with the management and operations of a mobile workforce or workers in the field," alleging that said amendment would eliminate the likelihood of confusion between the parties' respective marks.

4.     On October 26, 2018, the Board issued a Decision in said opposition, finding a likelihood of confusion between the marks of the parties, and denying Plaintiff's motion to amend its applications.

5.     Plaintiff believes that the Board's Decision of October 28, 2018 is clearly erroneous at least with regard to its denial of Plaintiff's motion to amend its applications.

6.     The parties hereto acknowledge and agree that the Decision of October 28, 2018 should be vacated with respect to the denial of Plaintiff's motion to amend its applications, and that said motion to amend should be granted, so that Plaintiff's applications may proceed to registration with the amended identification of goods as stated in paragraph 3 above.

7.     The parties hereto acknowledge and agree, based on their business experience and knowledge of the marketplace, that if Plaintiff's motions to amend its applications are granted, the differences between the goods and services set forth in the amended applications and the goods and services offered by Defendant under its ASCORA trademark as set forth in Opposition No. 91216243 are sufficient to avoid a likelihood of confusion as to the source of the goods and services offered under the parties' marks.

8.     Counsel to the parties, on behalf of the parties, consent to the terms of, and agree to the form of and entry of, this Final Consent Judgment.

2

**THEREFORE, IT IS HEREBY ORDERED THAT:**

      1.      The Board's Decision of October 28, 2018 in Opposition No. 91216243 is reversed as to the denial of Plaintiff's motion to amend, but is otherwise affirmed.

      2.      The Clerk is directed to enter Final Judgment in accordance with the terms herein.

      3.      The Undersecretary of Commerce for Intellectual Property is directed to cause Plaintiff's U.S. trademark applications, Serial No. 86/080,318 and Serial No. 86/080,319, to be amended as stated herein and to permit the two trademark applications to proceed to registration on the Principal Register.

      4.      Each party will bear its own costs and attorney fees.

**SO ORDERED this** _____ **day of** _____, **2019**

_____
Leonie M. Brinkema
United States District Judge

**CONSENTED TO on this** _____ **day of** _____, **2019**

By: _____
    H. Jay Spiegel (VA Bar 20647)
    H. Jay Spiegel & Associates
    P.O. Box 11
    Mount Vernon, VA  22121
    P: (703) 619-0101
    F. (703) 619-0110 – Fax
    Email: jayspiegel@aol.com

    *Counsel for Ascentech Pty Ltd as*
    *Trustee for The Smith Family*

By: _____
    Jordan S. Weinstein (VA Bar 36754)
    BARNES & THORNBURG LLP
    1717 Pennsylvania Avenue N.W.
    Suite 500
    Washington, D.C. 20006
    P:202-289-1313
    F:202-289-1330
    E-mail: jordan.weinstein@btlaw.com
          dbondurant@btlaw.com
          compulaw@btlaw.com

    *Counsel for Ascora GmbH*

# **EXHIBIT B**

Defendant Ascora GmbH is using its mark ASCORA in US commerce on or in connection with the following goods and services:

> Computer operating programs and computer operating systems; computer time management programs, process improvement computer programs, multimedia computer programs, image and video editing computer programs, in International Class 9;

> Internet services, namely providing multiple-user access to information on the Internet concerning the development and generation of computer software for use in businesses as well as the functions and application of such business software; providing telecommunications connections by means of platforms and portals on the Internet; transmission of news, images, pictures and text data; telecommunications services of an information distribution center in the Internet, namely providing information about telecommunications; providing on-line forums for the exchange of information, and for the transmission of messages among computer users about computer programs; providing user access to computer programs on data networks, in International Class 38; and

> Home page and web site design; Updating of computer software; updating of Internet web pages; technical consultancy in the field of design and development of computer programs; computer hardware and software consultancy; computer systems analysis; design of computer software; services for the protection of computer viruses and malware; design and development of computer programs, particularly in the areas of service and system programs, time management programs, process improvement programs, multimedia programs, image and video editing programs; computer animation; installation of computer programs; configuration of computer networks by software; data conversion of computer programs and data other than physical changes; copying of computer programs; technical users and rights management in computer networks; rental of computer software; maintenance of computer software; recovery of computer data; technical project management in the IT field; advice for the design of web pages; providing of information on computer technology and programming, in International Class 42.